UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**10 CRIM. 328**

- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,   :   INDICTMENT

-v.-   :   10 Cr. _____ (_____)

SHMUEL STERNFELD, a/k/a "Sam,"   :

Defendant.   :

- - - - - - - - - - - - - - - - - -x



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-13-10

## COUNT ONE
### (Conspiracy)

The Grand Jury charges:

### The Defendant

1. At all times relevant to this Indictment, SHMUEL STERNFELD, a/k/a "Sam," the defendant, was a lawful permanent resident of the United States. At various times relevant to this Indictment, STERNFELD maintained residences in Manhattan and Florida.

### Obligations of United States Taxpayers
### With Respect to Foreign Financial Accounts

2. Citizens and residents of the United States who have income in any one calendar year in excess of a threshold amount ("United States taxpayers") are obligated to file a U.S. Individual Income Tax Return, Form 1040 ("Form 1040"), for that calendar year with the Internal Revenue Service ("IRS"). On such return, United States taxpayers are obligated to report their income from any source, regardless of whether the source of their income is inside or outside the United States. In addition, on

Schedule B of Form 1040, the filer must indicate whether "at any time during [the relevant calendar year]" the filer had "an interest in or a signature or other authority over a financial account in a foreign country, such as a bank account, securities account, or other financial account." If the taxpayer answers that question in the affirmative, then the taxpayer must indicate the name of the particular country in which the account is located.

3. Separate and apart from the obligation to file Forms 1040, United States taxpayers who have a financial interest in, or signature authority over, a financial account in a foreign country with an aggregate value of more than $10,000 at any time during a particular calendar year are required to file with the IRS a Report of Foreign Bank and Financial Accounts, Form TD F 90-22.1 ("FBAR"). The FBAR for any calendar year is required to be filed on or before June 30 of the following calendar year. The FBAR requires that the filer identify the financial institution with which the financial account is held, the type of account (either bank, securities, or other), the account number, and the maximum value of the account during the calendar year for which the FBAR is being filed.

4. As a lawful permanent resident of the United States, the tax-related obligations described in paragraphs 2 and 3, above, fully applied to SHMUEL STERNFELD, a/k/a "Sam," the defendant.

**UBS AG**

5. At all time relevant to this Indictment, UBS AG ("UBS") was a corporation organized under the laws of Switzerland. UBS, directly and through its subsidiaries, operated a global financial services business. Among other things, UBS provided banking, wealth management, and asset management services to United States taxpayers, including many who lived and/or worked in the Southern District of New York.

6. Beginning in or about at least 2000, UBS, through various of its employees, engaged in a scheme to assist United States taxpayers who had accounts at UBS in Switzerland in concealing the existence of such UBS accounts, and the income earned in such UBS accounts, from the IRS.

7. Among the means by which UBS assisted certain United States taxpayers who had accounts at UBS in concealing the existence of UBS accounts, and the income earned in UBS accounts, from the IRS, were the following:

    a. Using sham "foundations" formed under the laws of Liechtenstein to conceal, from the IRS and others, the

ownership by a United States taxpayer of a particular UBS account;

  b. Using sham corporations formed under the laws of Hong Kong, among other jurisdictions, to conceal, from the IRS and others, the ownership by a United States taxpayer of a particular UBS account;

  c. Failing to send to the United States account statements for the UBS accounts of United States taxpayers; and

  d. Accepting and including in UBS's account records IRS forms that falsely and fraudulently stated that a non-United States corporation was the beneficial owner of a particular UBS account when, in truth and in fact, and as UBS well knew, a United States taxpayer was the beneficial owner of that UBS account.

### STERNFELD'S Accounts at UBS

8. SHMUEL STERNFELD, a/k/a "Sam," the defendant, maintained at least the following account at UBS:

  a. In or about April 2004, STERNFELD opened and caused to be opened Account Number XXX-XXX651 in the name of the Noble View Group Ltd., a Hong Kong-based corporation (the "Noble View Account"). The beneficial owner of the Noble View Account was STERNFELD. The Noble View Account had three sub-accounts for assets denominated in Swiss Francs, U.S. dollars, and Euros. In opening the Nobel View Account, STERNFELD provided as his address

an apartment in Manhattan. In UBS's records regarding STERNFELD, UBS noted, in substance and in part, that STERNFELD lived mostly in New York City.

9. SHMUEL STERNFELD, a/k/a "Sam," the defendant, engaged in, among other transactions, the following transactions and interactions with respect to the Noble View Account:

    a. On or about June 11, 2004, STERNFELD caused to be transferred from the Noble View Account to the bank account of a title company approximately $34,540.84, which represented the down payment on a condominium in Florida.

    b. Between approximately September 2004 and June 2008, in approximately 21 separate wire transfers, STERNFELD caused a total of approximately $396,000 to be transferred to an account maintained by him at a bank located in the Czech Republic (the "Czech Account"), including a transfer of $15,000 on or about May 21, 2008, and a transfer of $15,000 on or about June 23, 2008.

    c. On or about June 6, 2008, STERNFELD signed a letter directed to UBS and referring by account number to the Noble View Account in which he falsely and fraudulently indicated, in relevant part, that:

> I declare, under penalties of perjury, that for the period from 1 January 2001 until June 5, 2008, I have not been . . . (ii) a lawful permanent resident of the United States (that is, a Green Card holder) or (iii) a resident of the United states under the "substantial presence" test. For

5

purposes of the substantial presence test, I
declare that I have not been present in the United
States in any calendar year in the aforementioned
period for 183 days or more for any calendar year
and that I have not been present in the United
States for a total of 183 days or more during any
3-year period in the aforementioned period . . .

d. In or about July 2008, STERNFELD closed and caused to be closed the Noble View Account and transferred the assets then contained in the account, including various securities and cash in the approximate amount of $540,000, from UBS to another Swiss financial institution. The transfer of the assets contained in the Nobel View Account followed press reports throughout May 2008 in which major news organizations reported that the United States Government was conducting a criminal investigation into UBS's Swiss-based private banking business for United States taxpayers.

10. As of the dates listed below, the Noble View Account had net assets in the approximate amounts listed below:

| Dec. 31, 2004 | Dec. 31, 2005 | Dec. 31, 2006 | Dec. 31, 2007 |
|---|---|---|---|
| $976,958 | $2,881,305 | $2,285,875 | $1,736,686 |

### STERNFELD'S Tax Returns and Failure to File FBARs

11. On or about September 9, 2005, SHMUEL STERNFELD, a/k/a "Sam," the defendant, the defendant, filed and caused to be filed with the IRS a U.S. Individual Income Tax Return, Form 1040, for calendar year 2004. On the return, STERNFELD reported total wages of $28,052, an Adjusted Gross Income of $0, and total

tax of $0. However, STERNFELD falsely and fraudulently failed to report as income dividends, interest, and other income received by him in the Noble View Account. Also, as a result of his signatory or other authority over the Noble View Account and the Czech Account, STERNFELD was required to file an FBAR for calendar year 2004, but STERNFELD failed to do so.

12. On or about August 9, 2006, SHMUEL STERNFELD, a/k/a "Sam," the defendant, filed and caused to be filed with the IRS a U.S. Individual Income Tax Return, Form 1040, for calendar year 2005. On the return, STERNFELD reported total income of $29,586, an Adjusted Gross Income of $41, and total tax of $0. However, STERNFELD falsely and fraudulently failed to report as income dividends, interest, and other income received by him in the Noble View Account. Also, as a result of his signatory or other authority over the Noble View Account and the Czech Account, STERNFELD was required to file an FBAR for calendar year 2005, but STERNFELD failed to do so.

13. On or about June 11, 2007, in the Southern District of New York and elsewhere, SHMUEL STERNFELD, a/k/a "Sam," the defendant, filed and caused to be filed with the IRS a U.S. Individual Income Tax Return, Form 1040, for calendar year 2006. On the return, STERNFELD reported total income of $132,172, an Adjusted Gross Income of $132,172, and total tax of $11,267. However, STERNFELD falsely and fraudulently failed to

report as income dividends, interest, and other income received by him in the Noble View Account. On Schedule B attached to the return, STERNFELD falsely and fraudulently indicated that he did not have an interest in or a signature authority over a financial account in a foreign country. Also, as a result of his signatory or other authority over the Noble View Account and the Czech Account, STERNFELD was required to file an FBAR for calendar year 2006, but STERNFELD failed to do so.

14. On or about June 24, 2008, SHMUEL STERNFELD, a/k/a "Sam," the defendant, the defendant, filed and caused to be filed with the IRS a U.S. Individual Income Tax Return, Form 1040A, for calendar year 2007. On the return, STERNFELD reported total income of $3,016, an Adjusted Gross Income of $3,016, and total tax of $0. However, STERNFELD falsely and fraudulently failed to report as income dividends, interest, and other income received by him in the Noble View Account. Also, as a result of his signatory or other authority over the Noble View Account and the Czech Account, STERNFELD was required to file an FBAR for calendar year 2007, but STERNFELD failed to do so.

15. On or about June 1, 2009, SHMUEL STERNFELD, a/k/a "Sam," the defendant, the defendant, filed and caused to be filed with the IRS a U.S. Individual Income Tax Return, Form 1040, for calendar year 2008. On the return, STERNFELD reported total income of -$8,478, an Adjusted Gross Income of -$8,478, and total

tax of $0. However, STERNFELD falsely and fraudulently failed to report as income dividends, interest, and other income received by him in the Noble View Account. Also, as a result of his signatory or other authority over the Noble View Account and the Czech Account, STERNFELD was required to file an FBAR for calendar year 2008, but STERNFELD failed to do so.

16. SHMUEL STERNFELD, a/k/a "Sam," the defendant, deliberately misled his tax preparers with respect to calendar years 2006 through 2008, among other years, by failing to disclose to his tax preparers, among other things, the existence of the Noble View Account and the income earned in this account.

### Statutory Allegations

17. From at least in or about 2004 through in or about June 2009, in the Southern District of New York and elsewhere, SHMUEL STERNFELD, a/k/a "Sam," the defendant, together with UBS, a co-conspirator not named as a defendant herein, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to defraud the United States of America and an agency thereof, to wit, the IRS.

18. It was a part and an object of the conspiracy that SHMUEL STERNFELD, a/k/a "Sam," the defendant, UBS, a co-conspirator not named as a defendant herein, and others known and unknown, unlawfully, willfully, and knowingly would and did

defraud the United States of America and the IRS by impeding, impairing, defeating, and obstructing the lawful governmental functions of the IRS in the ascertainment, computation, assessment, and collection of income taxes.

### Overt Acts

19. In furtherance of the conspiracy and to effect its illegal object, SHMUEL STERNFELD, a/k/a "Sam," the defendant, committed the following overt acts, among others, in the Southern District of New York and elsewhere:

    a. On or about June 5, 2007, STERNFELD caused the preparation, in the Southern District of New York, of a U.S. Individual Income Tax Return, Form 1040, for calendar year 2006.

    b. On or about June 6, 2008, STERNFELD signed a letter directed to UBS and referring by account number to the Noble View Account in which he falsely and fraudulently indicated, in relevant part, that:

> I declare, under penalties of perjury, that for the period from 1 January 2001 until June 5, 2008, I have not been . . . (ii) a lawful permanent resident of the United States (that is, a Green Card holder) or (iii) a resident of the United States under the "substantial presence" test. For purposes of the substantial presence test, I declare that I have not been present in the United States in any calendar year in the aforementioned period for 183 days or more for any calendar year and that I have not been present in the United States for a total of 183 days or more during any 3-year period in the aforementioned period . . .

**(Title 18, United States Code, Section 371.)**

**COUNT TWO**
**(Subscribing to False U.S.**
**Individual Income Tax Return)**

22. The factual allegations of paragraphs 1 through and including 16 and 19 are restated as if fully alleged herein.

23. On or about the filing date set forth below, in the Southern District of New York and elsewhere, RICHARD STERNFELD, a/k/a "Sam," the defendant, unlawfully, willfully, and knowingly did make and subscribe a U.S. Individual Income Tax Return, Form 1040, for the calendar year set forth below, which return contained and was verified by the written declaration of STERNFELD that it was made under penalties of perjury, and which return STERNFELD did not believe to be true and correct as to every material matter, in that STERNFELD: (a) failed to report as income dividends, interest, and other income received by him in a bank, securities, and other financial account at UBS; and (b) failed, on Schedule B, Part II, line 7a, to report that he had an interest in, or a signature or other authority over, bank, securities, and other financial accounts in Switzerland and the Czech Republic, whereas STERNFELD then and there well knew and believed that he had received income in an account at UBS and had

11

an interest in, or a signature or other authority over, bank, securities, and other financial accounts in Switzerland and the Czech Republic:

| Count | Calendar Year | Approximate Date of Filing |
|---|---|---|
| Two | 2006 | June 11, 2007 |

(Title 26, United States Code, Section 7206(1);
Title 18, United States Code, Section 2.)

### COUNTS THREE THROUGH SEVEN
(Willful Failure to File Reports of
Foreign Bank and Financial Accounts)

The Grand Jury further charges:

24. The factual allegations of paragraphs 1 through and including 16 and 19 are restated as if fully alleged herein.

25. On or before the filing due dates listed below, in the Southern District of New York and elsewhere, SHMUEL STERNFELD, a/k/a "Sam," the defendant, did unlawfully, knowingly, and willfully fail to file with the Commissioner of the IRS an FBAR disclosing that he had a financial interest in, and signature and other authority over, a bank, securities, and other financial account in a foreign country, to wit, at least one foreign bank, securities, and other financial account at UBS, and at least one foreign bank, securities, and other financial account in the Czech Republic, each of which had an aggregate value of more than $10,000 during the years listed below:

| Count | Calendar Year | Due Date to File FBAR |
|---|---|---|
| Three | 2004 | June 30, 2005 |
| Four | 2005 | June 30, 2006 |
| Five | 2006 | June 30, 2007 |
| Six | 2007 | June 30, 2008 |
| Seven | 2008 | June 30, 2009 |

(Title 31, United States Code, Sections 5314 and 5322(a); Title 31, Code of Federal Regulations, Sections 103.24, 103.27(c, d), and 103.59(b); Title 18, United States Code, Section 2.)

_____
FOREPERSON

_____
PREET BHARARA
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v.-

SHMUEL STERNFELD, a/k/a "Sam,"

Defendant.

INDICTMENT

10 Cr. _____ (_____)

(18 U.S.C. § 371; 26 U.S.C. § 7206(1);
31 U.S.C. §§ 5314 and 5322(a);
31 C.F.R. §§ 103.24, 103.27(c, d), and
103.59(b); 18 U.S.C. § 2.)

PREET BHARARA
United States Attorney.

A TRUE BILL

_____
Foreperson.

4-13-10 MB   Filed Indictment under seal. Ellis, USMJ.